Judge Logan
delivered the opinion of the court.
This was an application fora new trial in an action for slander, in which the appellee recovered a verdict for $300, It appears from the affidavit of the defendant below, that he had sent a subpoena to the sheriff of a distant county on a witness who he supposed resided in that county, by whom be expected to prove the train of *314 the words laid in the declaration; and that it was not until since the trial of the cause he had received a return of the subpoena, with a letter from the sheriff, informing him that the witness had lately removed to another county.
To⅜ fer ' retiSfo£ a rteyy trial, should be ample and o^tar‘y maoe
No laches should beim-the^'licant ica .
Haggin for appellant, Pope for appellee.
He then proceeds to shew why he had not applied for a continuance of the cause before the trial: — That it was Owing to indisposition, with which he had been for a considerable time afflicted. That he resided several miles from town, and it rained on the morning on which the cause was tried, so that he apprehended danger in going out so early; but that, notwithstanding, he would have attended and moved for a continuance, had he expected the suit would have been called se early. It appears also, that he was in court several times before the day on which the cause was tried.
This court has always required that cause should be very dearly shewn to justify the reversal of a judgment for refusing a new trial. The motion in the present case rested Upon the applicant’s ability to attend, and that he trusted to cause not being called so early in the day. This, as a precedent, would be extremely dangerous. It risks the extent of the verdict upon the chance of obtaining another trial, if the amount idiould prove to be very objectionable. It shews a negligence which he could and would have avoided, and offers as the apology, his own disappointment in the Pro§ress ^u: docket.
The judgment must be affirmed with cost and damages.